## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. BRYAN MARK KEIGLEY, )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>1. UNUM LIFE INSURANCE COMPANY )<br>   OF AMERICA, )<br>)<br>**Defendant.** ) | Case No.  22-CV-189-JFH-JFJ<br><br>ATTORNEY'S LIEN CLAIMED |

## COMPLAINT

**COMES NOW** Bryan Mark Keigley ("Plaintiff"), by and through his attorney, Steve A. Troutman, files this cause of action against UNUM Life Insurance Company of America ("Defendant") and states as follows:

### I. Cause of Action

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. and particularly § 1132(a)(1)(B) thereof.

### II. Jurisdiction and Venue

2. This Court has jurisdiction of this matter under 29 U.S.C. § 1132(e).

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) in that Defendant and Plaintiff's employer in this district provided insurance to Plaintiff as part of his employment.

### III. Parties

4. Plaintiff, Bryan Mark Keigley, is an individual currently residing in Colcord, Oklahoma, and the employment from which this cause of action stems was performed in Rose, Oklahoma.

5. The Defendant, UNUM Life Insurance Company of America ("UNUM"), provided a Long Term Disability ("LTD") policy for Tyson Foods, Inc. ("Tyson"), a company doing business in Rose, Oklahoma, where Plaintiff was employed.

6. Plaintiff was an employee of Tyson at all relevant times.

7. Tyson delegated to UNUM the authority to make benefit decisions under the LTD plan that UNUM provided to Tyson employees.

### IV. Allegations

8. The premiums for the UNUM LTD policy were paid by Plaintiff as a payroll deduction during his employment with Tyson.

9. Following a motor vehicle accident in which Plaintiff was injured, Plaintiff applied for LTD benefits under the plan administered by Defendant.

10. Defendant denied Plaintiff the LTD benefits.

11. Plaintiff exhausted his administrative remedies, and a final denial was issued by Defendant on or about January 15, 2021.

12. The sole reason given by UNUM for denying Plaintiff his LTD benefits, for which he paid the required premiums, was because "his disability was caused by, contributed to by [sic], or resulting from his commission of a crime and benefits were not payable under the policy provisions."

13. UNUM cited the above quotation from the policy, sometimes referred to as the "crime exclusion" provision in the policy, as the basis to deny LTD benefits due to the fact that Plaintiff had received a ticket for "following too closely" to the other vehicle, and Plaintiff paid the ticket. UNUM interpreted Plaintiff's payment of the ticket as admission of a crime under the LTD policy.

14. UNUM's internal policy manual states that language in a policy regarding the commission of a crime "was not intended to apply to activities which would generally be classified as traffic violations."

15. UNUM's sole reason for denying LTD benefits in the instant case was due to the commission of a traffic violation.

### V.  Statement of Claims

16. The medical evidence presented to Defendant shows that Plaintiff has been disabled throughout the entire period at issue and continues to be disabled.

17. Defendant's denial of LTD benefits was arbitrary and capricious.

18. Plaintiff seeks a declaration from this Court that he is entitled to LTD benefits due him under the applicable plan, and an Order that all past-due and future benefits should be paid pursuant to the terms of the LTD Plan.

19. By reason of Defendant's erroneous decision, Plaintiff has been forced to retain an attorney to secure LTD benefits due him under the terms of the respective plans, for which Plaintiff has and will incur attorney fees and costs. Plaintiff is entitled to recover the reasonable attorney fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

20. For these and other reasons, the Defendant's denial of benefits is not based on correct legal standards and is otherwise not supported by substantial evidence.

### VI.  Conclusion and Relief Sought

**WHEREFORE**, Plaintiff prays for the following:

(1) for a declaration that Defendant improperly denied Plaintiff's claim for LTD benefits, and that Plaintiff is entitled to receive the amount of LTD benefits due under the terms of the

applicable plans that have not been paid, together with prejudgment and postjudgment interest thereon;

(2) for a declaration that all future benefits be paid pursuant to the terms of the applicable plans;

(3) for the costs of this action and Plaintiff's attorney fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

(4) for such other and further relief as may be deemed just and proper by this Court.

Respectfully submitted,

**TROUTMAN & TROUTMAN, P.C.**

**s/ Steve A. Troutman**
Steve A. Troutman
OBA# 18481
7702 East 91st Street, Suite 200
Tulsa, Oklahoma 74133
*steve@troutmanlaw.com*
(918) 587-0050 *telephone*
(918) 587-0006 *facsimile*

**ATTORNEY FOR PLAINTIFF**