# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BYRAN MARK KEIGLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-CV-189-JFH-JFJ |
| | ) |
| UNUM LIFE INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## JOINT STATUS REPORT

**Jury Demanded**:   ☐ Yes   ☒ No

**I.   Summary of Claims**:

Plaintiff alleges he was insured under the terms and conditions of an ERISA benefit plan, by virtue of his employment with Tyson Foods, Inc.

Plaintiff was involved in a vehicular accident and subsequently presented a claim to Unum for Long Term Disability Benefits under the Plan with a disability date of July 26, 2020. On or about January 15, 2021, Unum issued a final denial. Plaintiff has thus exhausted his administrative remedies, and suit is proper.

Plaintiff contends Unum wrongfully denied his claim based on improper application of a crime exception in the policy, since the injury was due to an auto accident resulting in a minor traffic violation.

   A.  Claims to be Dismissed:  None.

**II.   Summary of Defenses**:

The Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and its corresponding body of federal common law is applicable to this litigation. As a result, Plaintiff may only bring a cause as permitted by ERISA. Unum properly determined Plaintiff's eligibility for benefits; Plaintiff was not eligible and thus no benefits were awarded. Specific defenses will be included in Defendant's Answer and Affirmative Defenses. In sum, Unum properly investigated and evaluated Plaintiff's claim, determining he was not entitled to benefits, as he was not disabled under the terms of the policy during the elimination period. Specifically, Plaintiff cannot recover because his

injuries were the result of his own criminal act. *See Caldwell v. UNUM Life Ins. Co. of Am.*, 786 Fed. Appx. 816, 817 (10th Cir. 2019).

    A. Defenses to be Abandoned:  None at this time.

**III.** **Motions Pending** (Include Docket Number, Description and Date at Issue)**:**

None at this time.

**IV.** **Stipulations:**

    A. Jurisdiction Admitted:  ☒ Yes  ☐ No (If no, explain.)

    B. Venue Appropriate:  ☒ Yes  ☐ No (If no, explain.)

    C. Facts: Plaintiff is an insured under an ERISA Long Term Disability Plan. Plaintiff contends he is entitled to coverage under the Plan and Defendant contends he is not.

    D. Law:  The parties agree that this is an ERISA case.

**V.** **Proposed Deadlines:**

As an ERISA case, no discovery, expert witnesses or fact witnesses are anticipated or appropriate.

**VI.** **Fed. R. Civ. P. 26(f) Discovery Plan**

    A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?

☒  Yes.  Because this action is one for review on an administrative record, it is exempt from the initial disclosure requirements of Rule 26(a)(1).  Fed. R. Civ. P. 26(B)(i).

☐  No

When were or will initial disclosures under Rule 26(a)(1) be made? Because this action is one for review on an administrative record, it is exempt from the initial disclosure requirements of Rule 26(a)(1).  Fed. R. Civ. P. 26(B)(i).

Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan.  All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution.  Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may

  result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

B. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues? ☐ Yes ☒ No

C. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?
☐ Yes (If yes, explain.)

☐ No

☒ N/A

D. Proposed Number of Fact and Expert Depositions:

☒ N/A

E. Is there a need for any special discovery management order(s) by the Court?
☒ Yes (If yes, explain.)
☒ No

F. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII. Anticipated Dispositive Motions?**
☒ Yes (If yes, describe.)

Both parties anticipate filing Motions for Summary Judgment and/or motions for judgment on the administrative record.

☐ No

**VIII. Do all parties consent to trial before the assigned magistrate judge?** ☐ Yes ☒ No

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**IX.** **Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**
☐ Yes   ☒ No

If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**X.** **Settlement Plan** (Check one):

☐ Settlement Conference Requested After:
   Describe Settlement Judge Expertise Required, If Any:

☒ Private Mediation Scheduled On:

☐ Other ADR (Explain):

☐ ADR Appropriate:
   ☐ Yes
   ☐ No (If no, explain.)

Copy of the Court's ADR Booklet Provided to Clients as Required?

   Plaintiff:      ☒ Yes      ☐ No

   Defendant:      ☒ Yes      ☐ No

**XI.** **Does this case warrant special case management?**
☒ Yes (If yes, explain.)  As an ERISA case, an ERISA scheduling order is appropriate.

The parties would propose the following deadlines:

| | |
|---|---|
| Defendant to File the Administrative Record | November 1, 2022 |
| Plaintiff to Provide Any Objections to Administrative Record | November 31, 2022 |
| Plaintiff's Opening Brief | February 1, 2023 |
| Defendant's Response Brief | March 1, 2023 |
| Plaintiff's Reply Brief (if any) | March 15, 2023 |

☐ No

**XII.** **Do the parties request that the Court hold a scheduling conference?**
☐ Yes   ☒ No

If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

### XIII. Estimated Trial Time:

N/A, as ERISA cases are limited to a review of the administrative record.

| | |
|---|---|
| s/ Steve A. Troutman | s/Matthew C. Kane |
| Steve A. Troutman, OBA No. 18481 | Phillip G. Whaley, OBA No. 13371 |
| *(signed by filing attorney with permission of non-filing attorney)* | Matthew C. Kane, OBA No. 19502 |
| Troutman & Troutman | **RYAN WHALEY** |
| 7702 East 91st Street, Suite 200 | 400 North Walnut Avenue |
| Tulsa, OK 74133 | Oklahoma City, Oklahoma 73104 |
| steve@troutmanlaw.com | Telephone:   405-239-6040 |
| (918) 587-0050 (telephone) | Facsimile:   405-239-6766 |
| (918) 587-0006 (facsimile) | Email:  pwhaley@ryanwhaley.com |
| ATTORNEY FOR PLAINTIFF |             mkane@ryanwhaley.com |
| Bryan Mark Keigley | |
| | ATTORNEYS FOR DEFENDANT |
| | Unum Life Ins. Company of America |